# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARY M. HARRIS,

       Plaintiff,                      :        Case No. 3:09-CV-444

                                        District Judge Timothy S. Black
      -vs-                                Magistrate Judge Michael R. Merz

                                       :

MIAMI METROPOLITAN HOUSING
 AUTHORITY,

       Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Plaintiff's Motion for an Award of Attorney Fees pursuant to 42 U.S.C. § 1988 (Doc. No. 20). The Motion was filed and served December 6, 2010, and has not been opposed by Defendant within the time allowed by S. D. Ohio Civ. R. 7.2.

       The award of attorney's fees in a civil rights action such as the present one is authorized by 42 U.S.C. § 1988. Section 1988 provides in part, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs." The purpose of § 1988 is to provide "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. *Blanchard v. Bergeron,* 489 U.S. 87 (1989). In order to estimate initially a reasonable fee, the district court will multiply the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). *See also, Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The district court may exclude from this computation time which was not reasonably expended, such as hours that are excessive,

redundant, or otherwise unnecessary. *Id.* at 434. Indeed, hours which would not be billed to one's client are not properly billed to one's adversary under a fee shifting statute. *Id.; Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980)(en banc). When this lodestar amount is computed and if circumstances warrant, the court may thereafter adjust the award, by applying a multiplier or divisor.[1] *Id.* . In determining the reasonableness of a fee award, the most critical factor is the degree of success obtained. *Citizens Against Tax Waste v. Westerville City School*, 985 F.2d 255, 258 (6th Cir. 1993).

The Motion amply demonstrates that Plaintiff is the prevailing party in this case by comparing the content of the Consent Decree (Doc. No. 18) with the relief sought in the Amended Complaint (Doc. No. 7). Defendant makes no objection to Plaintiff's proof of the number of hours expended or to the proof that the rates sought ($200/hr. for Upendra Patel and Jeanne Johns, $118/hr. for Ernesto Delgadillo, $75/hr. for law clerk Sam Benham) are reasonable.

The lodestar amount is $51,073.90 and the Magistrate Judge finds that is a reasonable fee in this case and it should be awarded to Plaintiff and against Defendant.

January 6, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] In deciding whether to make an upward or downward adjustment, the court may apply the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Blanchard*, 489 U.S. at 91.

2

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).