**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MARY M. HARRIS,

      Plaintiff,                      :          Case No. 3:09-CV-444

                                                    District Judge Timothy S. Black
     -vs-                                      Magistrate Judge Michael R. Merz

                                            :

MIAMI METROPOLITAN HOUSING
AUTHORITY,

      Defendant.

**SUBSTITUTED REPORT AND RECOMMENDATIONS**

This case is before the Court on Plaintiff's Motion for an Award of Attorney Fees pursuant to 42 U.S.C. § 1988 (Doc. No. 20) and Supplemental Motion (Doc. No. 25).

**Procedural History**

This case was filed November 23, 2009. Judge Black entered a Calendar Order on June 10, 2010 (Doc. No. 15) and the case was settled by Consent Decree October 28, 2010 (Doc. No. 18). There was no motion practice in the case or any discovery disputes in which the Court had to intervene prior to settlement, nor was court personnel involved in negotiating the Consent Decree.

After judgment the case was reopened to permit Plaintiff to file the instant Motion (Doc. No. 19). Plaintiff filed her Motion for Fees on December 6, 2010, which meant that the Defendant's time to oppose the Motion expired December 30, 2010. No opposition was filed and the Magistrate Judge filed a Report and Recommendations on January 6, 2011, recommending the fee motion be

granted (Doc. No. 23).

Having filed no opposition to the Motion, Defendant filed Objections to the Report and Recommendations on January 20, 2011 (Doc. No. 26). In the meantime Plaintiff had filed her Supplemental Motion which seeks attorney fees for preparation of the original fee request (Doc. No. 25). Withdrawing the original R&R, the Magistrate Judge allowed Defendant time to oppose the Supplemental Motion and Plaintiff time to reply to any opposition and to the Objections (Doc. No. 27). Defendant filed an opposition (Doc. No. 29). Plaintiff filed a Reply in support of the supplemental (Doc. No. 30) and a document labeled "Motion to Supplement the Record" but docketed by Plaintiff's counsel as "Third Motion for Attorney Fees" (Doc. No. 32). That Motion has not been opposed and the time for doing so expired March 21, 2011. The actual relief sought is to add the Affidavit of Jeanne Deimling Johns to the record and it is granted.

The Motion and Supplemental Motion are thus ripe for decision.

A motion for an award of attorney fees is a post-judgment matter deemed referred to a magistrate judge under 28 U.S.C. § 636(b)(3) and thus requires a report and recommendations.

**Analysis**

The award of attorney's fees in a civil rights action such as the present one is authorized by 42 U.S.C. § 1988. Section 1988 provides in part, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs." The purpose of § 1988 is to provide "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. *Blanchard v. Bergeron,* 489 U.S. 87 (1989).

2

**Prevailing Party Status**

The Objections focus entirely on disputing that Plaintiff is a prevailing party for purposes of § 1988. In the Motion, Plaintiff asserted that she was a prevailing party and Defendant never contradicted that assertion until filing its Objections. Faced with no contrary assertions by way of a memorandum in opposition and proceeding in accordance with the usual presumption of our adversary system of justice that an unopposed assertion is to be taken as admitted, the Magistrate Judge made no analysis on this point in the original R&R, but offered only the conclusion that Plaintiff had prevailed.

There is a serious question in the Magistrate Judge's mind whether a party can allow a motion to go unopposed and then raise all of its opposition in Objections to the resulting Report and Recommendations. As justification for its position, Defendant points to that portion of S. D. Ohio Civ. R. 7.2(a)(2) which provides that "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion *other than one which would result directly in entry of final judgment or an award of attorney fees*." The Magistrate Judge is unaware of the reason why the italicized language on which Defendant relies was added to the Rule. It does not appear in the version of Rule 7.2(a)(2) which was effective October 1, 1991, but had appeared by the version effective February 1, 1995. There is no extant legislative history and the Magistrate Judge was not a member of the Rules Committee when the amendment was made. There is no requirement in § 1988 for such a rule. Fed. R. Civ. P. 56(e) specifically permits a federal court to grant judgment or at least deem facts admitted if a party fails to oppose a motion for summary judgment, so long as the record shows entitlement. Thus the Magistrate Judge believes the Court would be completely warranted in deeming admitted the assertions made in the Motion for Attorney Fees and disallowing the opposition made only in the Objections.

In the alternative, should the Court wish to consider Defendant's arguments, the following analysis of the prevailing party issue is offered.

A party is a "prevailing party" under 42 U.S.C. §1988 for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). To be a prevailing party, a plaintiff must prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987). A declaratory judgment alone would not be sufficient if it did not give rise to rights a plaintiff could enforce against a defendant. *Rhodes v. Stewart,* 488 U.S. 1, (1988)(per curiam). The plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Texas State Teachers Assn. v. Garland Independent School District,* 489 U.S. 782, 792(1989). The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, *Hewitt, supra,* or comparable relief through a consent decree or settlement, *Maher v. Gagne,* 448 U.S. 122, 129 (1980). It is not sufficient for a plaintiff merely to be a catalyst for legislative action. *Buckhanon Board v. West Virginia Dept. of Health and Human Services,* 532 U.S. 598 (2001). An award of nominal damages is sufficient to make a person a prevailing party. *Farrar v. Hobby*, 506 U.S. 103 (1992). However, a nominal damages award is insufficient to support a substantial attorney fee award, since the most critical factor in determining the reasonableness of an award is the degree of success achieved. *Id*.

In asserting that Plaintiff is not a prevailing party, Defendant relies on the following facts:

1. Plaintiff claimed in the Amended Complaint that her constitutional rights had been violated, but the case was settled without any admission to that effect by Defendant. (Objections, Doc. No. 26, PageID 191.) "In fact," says Defendant, "there has been no evidence presented before this Court which supports the allegation in Harris' Amended Complaint that MMHA

4

has violated her rights under federal law."

2. Plaintiff sought reinstatement to her Section 8 subsidy retroactive to her February 28, 2009, date of termination, but only received in settlement reinstatement to January 1, 2010. *Id.*, PageID 192.

3. The Consent Decree did not in itself authorize an award of attorney fees, but only provided that that issue would be reserved for further order by the Court.

4. The Amended Complaint sought an order that MMHA's policies be amended to conform to the applicable Code of Federal Regulations. Although the policies were amended as a result of the Consent Decree, there "is no evidence that MMHA's prior Section 8 Administrative Plan was in violation of any federal law." *Id.* PageID 193.

Defendant argues that, given these facts, Plaintiff is not a prevailing party under governing law. Defendant repeats each of these arguments in the Memorandum in Opposition (Doc. No. 29) it filed in response to Plaintiff's Supplemental Motion (Doc. No. 25).

In response, Plaintiff points out that she was actually taken out of the Section 8 subsidy program, which was very important to her well-being, in May, 2009, and reinstated by virtue of the Consent Decree as of January, 2010, thereby regaining all but eight months of the subsidy she had lost. (Response, Doc. No. 30, PageID 214.)

As to changes in administration of the MMHA Section 8 program made by the Consent Decree, Plaintiff provides a detailed seven-page explanation of those changes. *Id.* at PageID 7-13. Upon examination of those changes and how they compare with the termination process used for Ms. Harris, the Court finds that they are substantial, result in improved due process for Section 8 participants, and apply broadly to persons other than the Plaintiff. Plaintiff does not claim that the Consent Decree in itself authorizes an award of attorney fees or that she has proved violations of federal law to this Court.

Upon the undisputed facts, Plaintiff is entitled to prevailing party status. The Consent Decree is a final judgment of this Court. It is enforceable by the Court's contempt power which can include incarceration. It both gives the Plaintiff an important monetary benefit – reinstatement to the Section 8 program with some retroactivity and *in futuro* – and effects a change in process which amounts to a substantial reform for the benefit of both the Plaintiff and all other Section 8 recipients from MMHA.

The law favors settlements. *Gardner v. Grand Beach Co.*, 48 F.2d 491 (6th Cir. 1931); *Spercel v. Sterling Industries, Inc.*, 31 Ohio St. 2d 36, 285 N.E. 2d 324 (1972). It would scarcely conduce to settlement of civil rights claims if, in order to recover under § 1988, a prevailing party would have to prove that they could have won everything they claimed in their complaint. The law imposes no such requirement. Furthermore, it is common for defendants to settle such cases without making admissions of liability in the settlement agreement or consent decree; the absence of such an admission does not prove Plaintiff is not a prevailing party. It is also common to settle such cases while reserving the issue of attorney fees; the fact that issue was reserved does not prove Plaintiff is not a prevailing party.

In sum, although Ms. Harris did not win everything she sought in her Amended Complaint, she achieved a very substantial benefit both for herself and for other Section 8 participants. She is thus entitled to "prevailing party" status.

**Reasonable Fee**

In order to estimate initially a reasonable fee, the district court will multiply the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). *See also, Hensley v. Eckerhart,* 461 U.S. 424,

6

103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  The district court may exclude from this computation time which was not reasonably expended, such as hours that are excessive, redundant, or otherwise unnecessary.  *Id.* at 434.  Indeed, hours which would not be billed to one's client are not properly billed to one's adversary under a fee shifting statute.  *Id.; Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980)(en banc).  In determining the reasonableness of a fee award, the most critical factor is the degree of success obtained.  *Citizens Against Tax Waste v. Westerville City School*, 985 F.2d 255, 258 (6th Cir. 1993).

At no time – in either the non-existent memorandum in opposition to the original Motion, in the Objections, or in its Response in Opposition to the Supplemental Motion  – has Defendant made any objection to Plaintiff's proof of the number of hours expended or to the proof that the rates sought are reasonable.  In its Objections, Defendant wrote:

> Before addressing the issue of what a reasonable attorney fee would be, the Court must first determine if attorney fees are allowable by deciding whether Harris is a prevailing party. 1
>
> 1 It was not necessary for Defendant MMHA to oppose the claimed number of hours and hourly rate in Harris' Motion because attorney fees should not be allowed without a proper finding that Harris was a prevailing party. The issue of the reasonableness of the attorney fees is moot since no attorney fees should have been "allowed".

(Objections, Doc. No. 26, PageID 193.)

The Magistrate Judge agrees that the "prevailing party" question is **logically** prior to the reasonable hours question, but there is no law cited by Defendant or known to the Court which suggests these two issues must be separately briefed and decided.  Defendant is not entitled to wait to oppose the Plaintiff's proof of the lodestar amount until some later proceeding.  Having failed to do so at this point in the proceedings, it has waived its right to provide contrary proof.

Using the rates verified by Plaintiff ($200/hr. for Upendra Patel and Jeanne Johns, $118/hr.

7

for Ernesto Delgadillo, $75/hr. for law clerk Sam Benham), the lodestar amount for proceedings up to the original Motion is $51,073.90 and the lodestar amount on the fee motion is $5, 760.  Again, there is no proof offered by Defendant that either the rates or the number of hours expended is unreasonable.

The Magistrate Judge finds that the lodestar amount ($56, 833.90) is a reasonable fee in this case and it should be awarded to Plaintiff and against Defendant.

March 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).